**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARIA BETANIA UZCATEGUI CASTILLO, V.A.L.R., and V.M.L.U.,** | § § § | |
| **Petitioners,** | § § | |
| **v.** | § § | **NO. SA-26-CV-02936-OLG** |
| **ACTING DIRECTOR SYLVESTER ORTEGA** *et al.*, | § § § | |
| **Respondents.** | § § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioners Maria Betania Uzcategui Castillo, V.A.L.R., and V.M.L.U.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 7). The Court held a hearing on the Petition on May 13, 2026. In accordance with its ruling at the hearing, the Court will grant the Petition for the reasons below.

## I.    BACKGROUND

Based on the record, Petitioners are citizens of Venezuela who entered the United States without inspection on December 4, 2021. (Dkt. No. 1 at 4; Dkt. No. 7 at 4; Dkt. No. 7-2 at 1.) They were encountered by immigration officials that same day and were subsequently paroled into the United States without charging documents. (Dkt. No. 7 at 4; Dkt. No. 7-1 at 2; Dkt. No. 7-3 at 3.) Petitioners failed to report to the San Antonio ICE office within 60 days thereafter, and, on February 12, 2022, they were issued Notices to Appear, which charged them as removable under 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I), for being present without admission or parole and for failure to have valid entry documents, respectively. (Dkt. No. 7-2 at 1, 4–5, 8–9, 12.) Petitioner Castillo later applied for and received employment authorization, although her application for

temporary protective status was "closed and terminated" on November 20, 2025. (Dkt. No. 7-3 at 3.)

On April 27, 2026, as Petitioners were walking to a school bus stop, they were approached, questioned, and then re-arrested by immigration officials. (Dkt. No. 1 at 5; Dkt. No. 7-3 at 2.)[1] They are presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of full removal proceedings.

Petitioners initiated this action on May 5, 2026—seeking an order compelling their release under the same conditions in place before their re-detention, or requiring that they be given a bond hearing—on the grounds that they may not be mandatorily detained consistent with the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment.[2] (*See* Dkt. No. 1 at 14.)

## II.     JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. 25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioners' failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is

---

[1] At the hearing on May 13, 2026, it was disclosed that the Petitioners' bus-stop arrest was made while V.A.L.R. and V.M.L.U., ages eight and eleven, were on their way to Cambridge Elementary School in Alamo Heights.

[2] Petitioners also purport to assert a claim under the Administrative Procedure Act (*see* Dkt. No. 1 at 13–14); however, this claim is not properly before the Court and will be dismissed without prejudice. *See Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief.").

likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 (N.D. Tex. 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate [the] alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III.    DISCUSSION

Petitioners challenge their detention under the INA and the Due Process Clause of the Fifth Amendment. As such, they bear the burden of proving that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

A.    **Statutory Challenge to Application of 8 U.S.C. § 1225(b)**

Petitioners' statutory basis for relief (*see* Dkt. No. 1 at 12) has been foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi* and is therefore dismissed. *See* 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States").

B.    **Due Process Challenge to Mandatory Detention**

Petitioners also contends that their being mandatorily detained offends due process. (Dkt. No. 1 at 10–12); *see, e.g.*, *Sanchez v. Noem*, No. 25-CV-00403-DCG, 2026 WL 596133, at *8 (W.D. Tex. Mar. 2, 2026) (explaining that the Fifth Circuit's decision in *Buenrostro-Mendez* was limited to the interpretation of § 1225(b)(2)(A) and, thus, "does not control whether Respondents are detaining Petitioner in violation of the Constitution"). The Court agrees.

"Noncitizens are entitled to due process of the law under the Fifth Amendment." *Ochoa v. Vergara*, --- F. Supp. 3d ---, No. 26-CV-266-RP, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025)). "[G]overnment detention violates th[e Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Accordingly, if Petitioners have a constitutionally protected liberty interest in residing freely within the United States despite their status as applicants for admission, then Respondents may not detain them during the pendency of removal proceedings—notwithstanding the applicable mandatory detention provision in

§ 1225(b)—unless Respondents' "special justification" for doing so "outweighs" their liberty interest. *See id.*

Petitioners have a constitutionally protected liberty interest in residing freely within the United States during the pendency of their removal proceedings because they "ha[ve] lived in the United States for over [four] years . . . with the express permission of DHS while . . . subject to [release on parole] pending the resolution of [their] removal proceedings." *Bonilla Chicas v. Warden*, --- F. Supp. 3d. ---, No. 26-CV-131, 2026 WL 539475, at *7 (S.D. Tex. Feb. 20, 2026); *see Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government."); *Lopez-Arevelo*, 801 F. Supp. 3d at 685 ("Parolees . . . have a protected liberty interest in their continued liberty."). Their "interest in being free from imprisonment" is "the most significant liberty interest there is." *Bonilla Chicas*, 2026 WL 539475, at *10 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). Indeed, "liberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). Thus, not only does this factor clearly weigh in Petitioners' favor, but it "deserves great weight and gravity." *Ochoa*, 2026 WL 482211, at *3 (quoting *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 701 (W.D. Tex. 2025)). Accordingly, Respondents' "special justification" must "outweigh" Petitioners' very weighty liberty interest. *See Zadvydas*, 533 U.S. at 690.

Although the Government has a general interest in enforcing immigration laws, the INA is subservient to the Constitution's protections. *See, e.g., Counselman v. Hitchcock*, 142 U.S. 547, 565 (1892) ("Legislation cannot detract from the privilege afforded by the constitution."), *overruled on other grounds by Kastigar v. United States*, 406 U.S. 441 (1972). Of course, "the

Government has an interest in detaining noncitizens who pose a flight risk or a danger to the community." *Bonilla Chicas*, 2026 WL 539475, at *11. But if Petitioners pose neither, then restoring their liberty during the pendency of their removal proceedings would in no way diminish the Government's "power to admit or exclude aliens." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020). And yet, § 1225(b)'s mandatory detention provision requires that Petitioners—and, indeed, all applicants for admission—be detained irrespective of whether they poses a danger or flight risk. The Court recognizes that some applicants for admission may present such risks, and, in those cases, the mandatory detention provision would have correctly resulted in their detention throughout removal proceedings. But mandatorily detaining *every* applicant for admission—including Petitioners—without any hearing or other individualized assessment of whether they pose any risk that would outweigh their liberty interest creates "a very high risk of erroneous deprivation of liberty." *Bonilla Chicas*, 2026 WL 539475, at *11.

Based on the foregoing, Petitioners' due process rights have been violated, and that violation "cannot be mitigated through a post-deprivation hearing." *Bonilla Chicas*, 2026 WL 539475, at *11. Rather, "the need for an individualized determination of whether detention is warranted *at the time of arrest* is required to protect Petitioner's liberty interest." *Id.* In short, "the Due Process Clause of the Fifth Amendment guarantees [Petitioners] adequate notice of the intent to revoke [their] prior release, an individualized assessment of [their] flight risk and dangerousness, and an opportunity to respond at a hearing before [their] re-detention by ICE." *Bonilla Chicas*, 2026 WL 539475, at *11.

Turning to relief, in habeas cases where the Court finds detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "In recent months, courts across the country have ordered the release of detainees in similar

6

situations." *Ochoa*, 2026 WL 482211, at *4 (collecting cases).[3] The Court agrees and will order

Petitioners' immediate release. *See id.*; *Bonilla Chicas*, 2026 WL 539475, at *12.

## IV.    CONCLUSION

Based on the foregoing, Petitioners Maria Betania Uzcategui Castillo, V.A.L.R., and

V.M.L.U.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED** as follows:

1.    Respondents must release Petitioners Maria Betania Uzcategui Castillo (A-240-201-060), V.A.L.R. (A-240-201-061), and V.M.L.U. (A-240-201-062) from custody, under

conditions no more restrictive than those in place before the detention at issue in this case, to a

public place on or before **Thursday, May 14, 2026, at 9:30 A.M.**;

2.    Respondents must notify Petitioners' counsel of the exact location and time of

Petitioners' release as soon as practicable and **at least two hours before release**; and

---

[3]*See Sanchez*, 2026 WL 596133, at *8 (granting relief, post-*Buenrostro-Mendez*, in habeas case brought by petitioner who entered without inspection in 1996 and arrested and mandatorily detained for the first time in 2025); *Hassen v. Noem*, No. 26-CV-48-DB, 2026 WL 446506, at *1–2 (W.D. Tex. Feb. 9, 2026) (citing *Vieira*, 806 F. Supp. 3d 690) (same, in habeas case brought by petitioner who initially presented at a port of entry, was placed in expedited removal proceedings and detained pending a credible fear interview, and was ultimately granted humanitarian parole under § 1182(d)(5)(A)); *Lopez-Arevelo*, 801 F. Supp. 3d at 674, 685–88 (granting habeas relief on procedural due process grounds to petitioner who had previously been detained upon entry and then paroled into the country); *Parada-Hernandez v. Johnson*, No. 25-CV-2729-K-BN, 2025 WL 3465958, at *1, 3–6 (N.D. Tex. Oct. 29, 2025) (same, in habeas case brought by petitioner who had previously been released under an ORR and finding that denial of a bond hearing based on application of § 1225(b)(2) violated procedural due process), *report and recommendation adopted*, No. 25-CV-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025); *Hernandez-Fernandez*, 2025 WL 2976923, at *1, 8–10 (same); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. 25-CV-470-KC, 2025 WL 3123828, at *1, 3–5 (W.D. Tex. Nov. 7, 2025) (same, in habeas case brought by petitioner who entered without inspection, was apprehended years later, applied for asylum, and then was paroled into the country); *Santiago v. Noem*, No. 25-CV-361-KC, 2025 WL 2792588, at *1, 6–14 (W.D. Tex. Oct. 2, 2025) (same, in habeas case brought by petitioner who had protection from deportation under DACA); *Vieira*, 806 F. Supp. 3d at 700–01 (same, in habeas case brought by petitioner who was apprehended upon entry and then released under an ORR); *see also Clemente Ceballos v. Garite*, No. 26-CV-312-DB, 2026 WL 446509, at *2 (W.D. Tex. Feb. 10, 2026) (finding due process violation as applied to alien who entered without inspection in 2004 and had never been paroled or otherwise released into the country by DHS prior to his first encounter with, and resulting detention by, ICE in 2026); *cf. Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (finding that mandatory detention under § 1226(c) violated due process as applied to alien whose detention pending removal had become unreasonably prolonged).

3.      Respondents must file a status report no later than **Friday, May 15, 2026, at 12:00 P.M.,** confirming that Petitioners have been released under conditions of release no more restrictive than those in place before the detentions at issue in this case.

Finally, Petitioners' non-habeas claim is **DISMISSED WITHOUT PREJUDICE**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on May ___13___, 2026.

ORLANDO L. GARCIA

United States District Judge

8